UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION
_____
                                       :
LLOYD BUNNER,                          :
                                       :
       Plaintiff,                      :       Honorable Cathy L. Waldor
                                       :
v.                                     :       Civil Action No. 11-2744 (ES-CLW)
                                       :
PSE&G                                  :       **REPORT AND RECOMMENDATION**
                                       :
                                       :
       Defendant.                      :
                                       :
_____ :

   This matter comes before the Court upon the motion of Lloyd Bunner ("Plaintiff") to remand the pending matter (the "Remand Motion") to the Superior Court of New Jersey, Law Division, Essex County. (Dkt No. 8). On July 5, 2011, Defendant filed a brief in opposition to the Remand Motion (the "Opposition Brief") (Dkt. No. 10). Defendant, PSE & G ("PSE & G" or "Defendant") opposes the Remand Motion on the grounds that Plaintiff's claim raises a federal question which is covered by Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq*. Plaintiff filed his reply on June 13, 2011. (Dkt. No. 11). On January 4, 2012, United States District Court Judge Esther Salas referred the Remand Motion to me for a Report and Recommendation. This Court, having considered the parties' submissions, decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, it respectfully recommends that the Remand Motion be **DENIED**.

I.    **BACKGROUND**

On March 16, 2011, Plaintiff, a former employee of PSE & G, filed an action in the Superior Court of New Jersey, Essex County, seeking damages for alleged violations of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 *et seq.*, and for Intentional Infliction of Emotional Distress. See Plaintiff's Complaint (Dkt. No. 1). Plaintiff states that on or about October 26, 2011, he was terminated as an employee of PSE & G. Id. ¶ 7. At the time of his termination, Plaintiff was fifty-seven (57) years old and had worked for PSE & G for almost twenty-five (25) years. Id. Plaintiff contends that PSE & G wrongfully terminated him in violation of the NJLAD, which makes it unlawful for an employer to discriminate on the basis of age. See N.J.S.A. § 10:5-12. Specifically, Plaintiff claims that his wrongful termination pertained "more to [his] age and longevity with the defendant company . . . ." Complaint at ¶ 12.

On May 12, 2011, PSE & G filed a Notice of Removal in this Court under 29 U.S.C. §§ 1441, 1446. (Dkt No. 1). In its Opposition Brief, PSE & G argues that Plaintiff's claims fall under this Court's purview, as a claim of wrongful discharge that is based on "benefits-defeating" motive falls under § 510 of the Employee Retirement Income Security Act. 29 U.S.C. §1140. See Opposition Brief. On June 13, 2011, Plaintiff moved to remand the case back to the Superior Court, pursuant to 29 U.S.C. § 1447(c). PSE & G argues in response to Plaintiff's Remand Motion that ERISA § 502(a), together with the specific prohibition against wrongful discharge contained in § 510, completely preempts Plaintiff's age discrimination claim.

## II. LEGAL STANDARD

A. Standard of Review-Motion to Remand

As a preliminary matter, a district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331. A claim brought in state court may be removed to federal court under 28 U.S.C. § 1441. A party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A party opposing remand must show that removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991).

The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citing Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004)). Here, PSE & G bears the burden of proving that Plaintiff's claim is truly an ERISA claim. See Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 401 (3d Cir. 2004). Thus, this Court must determine whether Plaintiff's state law claims are subject to this Court's jurisdiction pursuant to the complete preemption doctrine.

## III. ANALYSIS

The appropriateness of Defendant's removal turns on whether any of Plaintiff's NJLAD or state common law claims *arise under* federal law by way of Defendant's denial and/or interference with Plaintiff's health, retirement and/or pension benefits. To *arise under* federal law, the federal question must appear on the face of the plaintiff's "well-pleaded complaint."

3

Franchise Tax Bd. of the State of California v. Constr. Laborers Vacation Trust for Southern California, 463 U.S. 1, 9-12 (1983). Specifically, the Supreme Court held that "[i]t is long settled law that a cause of action arises under federal law only when plaintiff's well-pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).

Under the well-pleaded complaint rule, the plaintiff is the "master of the complaint," and may choose to assert only state law claims, despite the availability of federal remedies. Caterpillar Inc. v. Williams, 482 U.S. 386, 398-99 (1987). The fact that plaintiff's state law claims may be preempted by federal law is insufficient to confer federal question jurisdiction. Dawson v. Ciba-Geigy Corp., 145 F. Supp. 2d 565, 568 (D.N.J. 2001).

However, "in certain circumstances the preemptive force of federal law is so powerful that it completely displaces any state law cause of action, and leaves room only for federal law for purposes of the 'well-pleaded complaint' rule." Id. The Supreme Court has recognized the doctrine of complete preemption as a corollary or an exception to the "well-pleaded complaint" rule. Metropolitan Life, 481 U.S. at 63-64. Under this complete preemption exception, the Court has held that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Id.

Specifically, the Third Circuit articulated a two-prong test for determining if a statute has sufficient preemptive force to result in complete preemption. The Court must ask whether: (1) "the statute relied upon [ ] as preemptive contains civil enforcement provisions within the scope of which the plaintiff's state law claim falls; and (2) there is a "clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law."

Railway Labor Executives' Ass'n v. Pittsburg & Lake Erie R. Co., 858 F.2d 936, 942 (3d Cir. 1988) (internal citation omitted).[1] Where complete preemption exists, removal is proper although there is no federal cause of action on the face of the complaint. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).[2] Because the Supreme Court has only invoked the complete preemption doctrine in "extraordinary" cases, this Court must narrowly construe its application. Englewood Hosp. and Med. Ctr. v. Aftra Health Fund, 2006 WL 3675261, *3 (D.N.J. Dec. 12, 2006) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)).

In recognition of the narrow scope of the doctrine, the Third Circuit has examined complete preemption in the context of ERISA.[3] See, e.g., Pascack Valley Hosp., Inc., 388 F.3d 393, 402 (3d Cir. 2004). Section 502(a) of ERISA "is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Pascack Valley Hosp., Inc., 388 F.3d at 399–400 (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004)) (internal quotations omitted); see Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 354 (3d

---

[1] See Goepel v. National Postal Mail Handlers Union, a Div. of Liuna, 36 F.3d 306, 311 n.5 ("This same principle [of complete preemption] has been referred to elsewhere as the 'artful pleading' doctrine, under which a court will not allow a plaintiff to deny a defendant a federal forum when the plaintiff's complaint contains a federal claim 'artfully pled' as a state law claim") (citations omitted).

[2] Any complaint that comes within the scope of [a] federal cause of action necessarily 'arises under' federal law and is therefore completely preempted. See Franchise Tax Bd. of the State of California v. Constr. Laborers Vacation Trust for Southern California, 463 U.S. 1, 24 (1983).

[3] ERISA is a federal statute that "protect[s] . . . the interests of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provide for appropriate remedies, sanctions, and ready access to the Federal courts." Aetna Health v. Davila, 542 U.S. 200, 208 (2004) (quoting in part 29 U.S.C. § 1001(b)) (internal quotations omitted). Under § 502(a), a beneficiary may obtain accrued benefits due, a declaratory judgment about entitlement of benefits, or an injunction to require the administrator to pay benefits.

Cir. 1995) ("The Supreme Court has determined that Congress intended the complete preemption doctrine to apply to state law causes of action which fit within the scope of ERISA's civil-enforcement provisions").  A state law claim that is within the scope of § 502(a) is completely pre-empted and therefore removable to federal court." Pascack Valley Hosp., Inc., 388 F.3d at 400 (internal quotations omitted).

In Pascack, the Third Circuit established a two-prong test for determining whether a state court claim is completely preempted by ERISA, and thus removable to federal court. Id. at 396. Under the test, the case is removable only if (1) the [plaintiff] [ ] could have brought its [ ] claim [ ] under §502(a) [of ERISA]; and (2) no other legal duty supports the [plaintiff's] [ ] claim." Id. at 400; see also Aetna Health Inc. v. Srinivasan, Civ. No. 10–4858, 2010 WL 5392697, at * 2 (D.N.J. Dec. 22, 2010).

In the present matter, there is no dispute that a federal question is not presented on the face of the Complaint.  On the contrary, a plain reading of the Complaint makes it clear that the Plaintiff seeks relief under NJLAD and does not explicitly seek relief under ERISA or any other federal statute or the United States Constitution.  However, as this Court has previously noted, "[it] may look beyond the face of a complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 274 (3d Cir. 2001) (internal quotation omitted). As such, Defendant bears the burden of proving that Plaintiff's claim is truly a federal ERISA claim in state-law clothing. See Pascack, 388 F.3d at 401-402.

   1. Prong one of the Pascack test: Standing under ERISA.

In his Complaint, Plaintiff alleges under the heading "Facts Common to All Counts,"n

generally that:

- Plaintiff was employed for PSE & G for almost 25 years.

- On September 1, 2010 he received a "corrective action letter" from PSE & G indicating that through a recent investigation it was revealed that Plaintiff falsified time records for June 21-22, 2010 by entering time he did not work in violation of company policy; that he failed to provide guidance to the crew; and failed to officially notify MAST employees or his direct manager that he was leaving headquarters for a rest period on June 22, 2010.

- On October 26, 2010, Plaintiff was terminated for the reasons outlined in said letter.

- Plaintiff denies the deficiencies outlined or that his performance remained unsatisfactory necessitating termination.

- Plaintiff's termination came just five weeks shy of his 25th anniversary employed with the company.

- If Plaintiff attained 25 years of employment with PSE & G, he would be permitted retirement with full benefits and permitted to collect his full pension.

- With almost 25 years of service to Defendant, Plaintiff maintained a level of exceptional service.

- Clearly, the termination pertained more to Plaintiff's age and longevity with PSE & G, as opposed to the reasoning proffered above.

See Complaint, ¶¶ 1-12.

The Complaint also contains two counts titled wrongful discharge and intentional infliction of emotional distress. These counts are collectively contained in five paragraphs which indicate that: (1) New Jersey has a law forbidding discrimination based on age; (2) Plaintiff is a member of the class which the New Jersey law was intended to protect; (3) PSE & G violated that law when they terminated Plaintiff; (4) PSE & G's termination of the Plaintiff was done with the intent to cause severe emotion distress; and (5) as a result of the outrageous act of

7

terminating Plaintiff, the Plaintiff became physically distraught and suffered severe emotional distress. See Complaint, ¶¶ 13-17.

Based on the foregoing allegations, as discussed fully below, and the nature of these NJLAD claims, the first prong of the Pascack test is satisfied. Plaintiff could have brought these state law claims under ERISA's civil enforcement provisions, notably § 510.

Section 510 of ERISA makes it unlawful for a person to "discharge, fine, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . ." 29 U.S.C. § 1140. "The purpose of § 510 is to prevent employers from terminating or harassing employees to prevent them from obtaining ERISA-protected benefits." Pailleret v. Jersey Constr. Inc., Civ. No. 09-1325, 2011 WL 1485402, *3 (D.N.J. Apr. 19, 2011) (citing Kowlaski v. L & F Prods., 82 F. 3d 1283, 1287 (3d Cir. 1996)). More specifically, § 510 prevents employers from taking adverse employment actions with a "benefits-defeating" motive. Wood v. Prudential Ins. Co., 207 F.3d 674, 677 (3d Cir. 2000) (holding that it is unlawful for employer to terminate employee to avoid paying employment benefits).[4]

Section 510 of ERISA does not stand alone; rather, by its terms it gains its enforcement

---

[4] In Wood, the plaintiff brought an NJLAD claim in state court alleging that his employer terminated him in order to avoid paying ERISA-protected benefits. 207 F.3d at 675. The plaintiff's complaint alleged that the "real reason that . . . [the defendant] terminated [the plaintiff's] employment . . . was its knowledge that, because [the plaintiff] was fifty-one years old, and had more than twenty years of service with [the defendant], [the plaintiff] was about to become eligible for full retirement benefits . . . ." Id. The Third Circuit affirmed the District Court's holding and found that the plaintiff's NJLAD claim provided no rationale for the defendant's allegedly discriminatory treatment other than "to avoid paying benefits [to the plaintiff] and his dependents." As such, § 510 completely preempted the plaintiff's NJLAD claim. Id. at 677-78. The Court also held that "a state law claim may fall within § 502(a) and thus be completely preempted even if the plaintiff asks for relief that is not available under § 502(a)." Id. at 678.

8

vitality from § 502. Id.  Section 510 provides that "the provisions [of section 502] of this statute shall be applicable in the enforcement of this section." 29 U.S.C. 1140.  Thus, "any state claim that falls within § 510 is necessarily within § 502." Wood, 207 F.3d at 676-78. (holding that plaintiff's discrimination claims under NJLAD and the New Jersey Constitution, which were subject to § 510 of ERISA based on "benefit-defeating" motive, were completely preempted by § 502 of ERISA).  Moreover, a claim of discharge based on a "benefits-defeating" motive comes under § 510 of ERISA. Id.

In Wood, the Third Circuit, in affirming the holding of the District Court, found that because plaintiff's NJLAD claim provided no rationale for the defendant's allegedly discriminatory treatment other than "to avoid paying benefits [to the plaintiff] and his dependents," § 510 completely preempted the plaintiff's NJLAD claim. Id. at 677-78.  Here, as part of his NJLAD claim, Plaintiff alleges that he was fired by PSE & G because of his age.  However, there is nothing in the Complaint to substantiate the claim other than an allegation that PSE & G terminated Plaintiff's employment to avoid paying full benefits, including his full pension.  It is obvious that Plaintiff's reference to age and longevity establishes that he would have been entitled to "retirement benefits with full benefits and full pension." Complaint ¶ 10.  Moreover, Plaintiff fails to illustrate how longevity, a factor he believes was the primary motivation for his termination, is legally relevant in any other context other than an ERISA action.  Thus, a plain reading of the Complaint clearly shows that Plaintiff's termination had a "benefits-defeating" motive. See Wood, 207 F.3d at 677-78.

Based on the Third Circuit's analysis in Wood, here, part of Plaintiff's state law age discrimination claim is based on theories that Defendant intentionally denied or interfered with

his employee benefits.  Plaintiff's Complaint does not merely seek the value of his pension, health, and retirement benefits as part of his incidental damages award.  Instead, Plaintiff's state law claim of age discrimination is based on the theory that PSE & G denied or interfered with his full benefits, since he was nearing his 25 years in service, thus done with a "benefits-defeating" motive.  Therefore, based on the foregoing, the first prong of the Pascack test is met because Plaintiff could have brought the state law claim under ERISA's civil enforcement provisions, specifically § 510. See Joyce v. RJR Nabisco Holdings Corp., 126 F.3d 166, 172 (3d Cir. 1997).

   2. Prong Two of the Pascack Test: Existence of a Legal Duty Independent of ERISA

The Court now turns to the second prong of the Pascack test.  Specifically, under prong two, this Court must examine whether any legal duty, independent of ERISA, supports Plaintiff's state law claims based on Defendant's alleged discrimination, which Plaintiff contends was done with the motive to deny and/or interfere with his health insurance, pension, and retirement plan rights.  If an independent duty does exist, then the Plaintiff's claims are not completely preempted. As explained below, this Court finds that no such independent legal duty exists in the matter at hand.  Therefore, the second element of the Pascack test is satisfied.

To establish that no other separate legal duty supports a plaintiff's state law claims, a defendant must demonstrate that the state law claims "are derived entirely from the particular rights and obligations established" by the [ERISA] benefits plans." Engle v. Milton Hershey School, Civ. No. 06-109, 2007 WL 1365916, at * 5 (M.D. Pa. Jan. 19, 2007) (quoting Aetna Health, 542 U.S. 200, 213 (2004)).  If so, such claims are completely preempted and the action may be removed. Id.  In other words, "ERISA benefit plans and obligations [must] underscore [a] [p]laintiff's state law claims" in order to avoid remand.  Horizon Blue Cross Blue Shield of

New Jersey v. East Brunswick Surgery Ctr., 623 F. Supp. 2d 568, 576 (D.N.J. 2009).

Here, Plaintiff's claims based on, in part, a denial and/or interference with his employee benefits are ERISA-dependent. As discussed thoroughly above, Plaintiff's claims, in part, are based on the theory that Defendant discriminated and/or violated his rights in order to deny and/or interfere with his ERISA protected rights. See Pailleret, 2011 WL 1485402, at * 9. As the plaintiff in Wood, who brought an NJLAD claim that was subject to § 510, here, Plaintiff's NJLAD claim is based upon the theory that PSE & G discharged him in order to interfere with his ERISA-protected benefits. Thus, Plaintiff's right to recovery is inextricably intertwined with the interpretation and application of ERISA-protected benefits and is therefore completely preempted by ERISA.

In sum, both prongs of the Pascack test are met here. Plaintiff's NJLAD claims that are based on a theory that PSE & G discriminated are completely preempted by § 510 of ERISA. Such claims are necessarily within § 502's civil enforcement provisions. Furthermore, this suit, although it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, "arise[s] under the . . . laws . . . of the United States," 28 U.S.C. § 1331, and is removable to federal court by PSE & G, 28 U.S.C. § 1441(b). As such, this Court concludes that removal was proper and respectfully recommends that the Remand Motion be **DENIED**.

Lastly, as to the Plaintiff's state law claims based on theories outside the scope of the ERISA-protected rights, this Court finds that those claims are not preempted by ERISA. However, this Court can appropriately exercise supplemental jurisdiction over such claims under 28 U.S.C. § 1367. See Joyce, 126 F.3d at 173-74 and n.5.

## IV.     CONCLUSION

For the forgoing reasons, this Court respectfully recommends that Plaintiff's Remand Motion be **DENIED**.

Pursuant to L. Civ. R. 72.1(c)(2), the parties have fourteen (14) days from receipt hereof to file and serve objections.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**

Dated:          March 9, 2012
Original:       Clerk
Cc:             Hon. Esther Salas, U.S.D.J.
                File